**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 2, 2021, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: February 2, 2021**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AMANDA MONYAK, | ) | Case No. 19-17712 |
|     Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | |
| AMANDA MONYAK, | ) | Adversary Proceeding |
|     Plaintiff. | ) | No. 20-1020 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OF OPINION[1]

In this adversary proceeding, the debtor seeks a declaratory judgment that

the debtor's loans held by creditor Navient Solutions, LLC ("Navient") fall outside

---

[1] This Opinion is not intended for official publication.

the discharge exception for student loans in 11 U.S.C. §523(a)(8).  In the alternative, the debtor asserts that if such loans are subject to § 523(a)(8) they must nevertheless be discharged as imposing an "undue hardship."  The parties have filed cross-motions for partial summary judgment on the debtor's first claim for relief—*i.e.*, whether the loans fall within the discharge exception in § 523(a)(8). For the reasons that follow, the Court holds that these loans fall within the discharge exception for "qualified education loans" under § 523(a)(8)(B). Accordingly, the Court grants Navient's motion for partial summary judgment and denies the debtor's motion for partial summary judgment.  The debtor's second claim for relief—*i.e.*, whether the debts impose an undue hardship—will be the subject of a trial scheduled for March 10, 2021.

JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).  The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

2

## PROCEDURAL BACKGROUND

On December 20, 2019, the debtor filed a Chapter 7 bankruptcy petition (Case No. 19-17712, Docket No. 1).  On April 1, 2020, the debtor received a discharge in her main case (Case No. 19-17712, Docket No. 10).

On March 3, 2020, the debtor filed an adversary complaint seeking a declaratory judgment that the debtor's loans held by Navient fall outside the discharge exception for student loans in 11 U.S.C. §523(a)(8).  In the alternative, the debtor asserts that if such loans are subject to § 523(a)(8) they must nevertheless be discharged as imposing an "undue hardship" (Adv. No. 20-1020, Docket No. 1).  On March 22, 2020, Navient filed its Answer (Adv. No. 20-1020, Docket No. 3).  On July 1, 2020, the Court entered an order setting a discovery deadline of October 30, 2020, and trial date for March 10, 2021 (Adv. No. 20-1020, Docket No. 8).

On November 30, 2020, the debtor filed a motion for partial summary judgment on the issue of whether the loans fall within the discharge exception in § 523(a)(8) (Adv. No. 20-1020, Docket No. 10).  On December 18, 2020, Navient filed its response and moved for partial summary judgment on the same issue.

Unless otherwise indicated, the following facts are undisputed. The plaintiff-debtor, Amanda Monyak, attended Bowling Green State University from 2004 to 2008, obtaining a bachelor's degree in women's studies. (Docket No. 16, Ex. 2, Pl.'s Response to Def.'s Interrogatory No. 7). While attending the university, the debtor applied for seven loans from Navient to finance her degree which as of the filing of the adversary, had an outstanding balance of $47,447.44. (Docket No. 16, Ex. 2, Admission 1). To secure these funds, the debtor applied through Navient's Signature Student Loan Program which disbursed loan funds to the debtor through the Bowling Green State University Financial Aid Office. (Docket No. 16, Ex. 2, Pl.'s Response to Def.'s Interrogatory No. 25). On each application, there is a section in which the school must certify that:

> [T]he borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the school will, at the request of the lender, provide the lender with subsequent information regarding the borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

(Docket 16, Ex. 5 A–F). Also contained in each loan document, which the debtor was required to sign, is Section N.4 which states that "I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the

4

School." (Docket 16, Ex. 5 A–F, Section N.4). In the debtor's own words: "Every semester, the money I got from Navient covered what my public loans couldn't. This included tuition, books, meal plan funds, and residential costs." (Docket No. 16, Ex. 2, Pl.'s Response to Def.'s Interrogatory No. 23).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving

5

party'." *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 424, 248 (1986)).

"The fact that both parties have moved for summary judgment does not

mean that the court must grant judgment as a matter of law for one side or the

other." *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 248 (6th Cir. 1991).

"Rather, the court must evaluate each party's motion on its own merits, taking care

in each instance to draw all reasonable inferences against the party whose motion

is under consideration." *Id.; accord McKay v. Federspiel*, 823 F.3d 862, 866 (6th

Cir. 2016) (quoting same language from *Taft Broadcasting*).

## DISCUSSION

Section 523(a)(8) excepts from discharge three categories of

education-related debts. These three categories are contained in subdivisions

(8)(A)(i), (8)(A)(ii), and (8)(B). Section 523 provides in pertinent part:

> (a)     A discharge under section 727, 1141, 1192, 1228(a), 1228(b),
> or 1328(b) of this title does not discharge an individual debtor from any
> debt—
> 
>          . . . .
> 
> (8)     unless excepting such debt from discharge under this
> paragraph would impose an undue hardship on the debtor and the
> debtor's dependents, for—
> 
>          (A)     (i) an educational benefit overpayment or
>          loan made, insured, or guaranteed by a governmental

6

unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

       (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. § 523. Because an education-related debt need only fit within one of the three subdivisions to fall within the discharge exception of § 523(a)(8), if the Court finds that the loans in question fall within one of the subdivisions, it need not address whether the loans fall within the other subdivisions.

In this proceeding, the debtor has focused primarily on whether the loans fall within the second subdivision—§ 523(a)(8)(A)(ii). The debtor asserts that not all private loans which happen to be used for educational expenses are excepted from discharge as an educational benefit under § 523(a)(8)(A)(ii). *See In re Crocker*, 941 F.3d 206, 224 (5th Cir. 2019) ("We conclude that 'educational benefit' [under § 523(a)(8)(A)(ii)] is limited to conditional payments with similarities to scholarships and stipends."); *accord In re McDaniel*, 973 F.3d 1083, 1103 (10th Cir. 2020) ("But if any funds that help a person meet 'the costs of education' were to constitute funds received as an educational benefit, Navient's reading of the

7

statute would be exceedingly broad—swallowing, among other things, any credit-card debt used to buy textbooks[.]").

On the other hand, Navient has focused on whether the loans fall within the third subdivision—§ 523(a)(8)(B). *See In re Conti*, 982 F.3d 445, 449 (6th Cir. 2020) (interpreting scope of § 523(a)(8)(B)). If Navient is correct that the loans fall within § 523(a)(8)(B), there is no need to consider whether the loans also fall within § 523(a)(8)(A)(ii).

Section 523(a)(8)(B) excepts from discharge:

> [A]ny other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

11 U.S.C. §523(a)(8)(B). Section 221(d)(1) of the Internal Revenue Code of 1986 provides in pertinent part:

> The term "qualified education loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses—
>
> > (A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred,
> >
> > (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and
> >
> > (C) which are attributable to education furnished during a period during which the recipient was an eligible student.

26 U.S.C. §221(d)(1).

8

The Sixth Circuit has said that in order to determine whether a debtor's loans fall within the scope of § 523(a)(8)(B), the proper analysis is to examine the initial purpose of the loans rather than the actual use of the funds. *See In re Conti*, 982 F.3d at 449. In *Conti*, the Sixth Circuit concluded that the loans were "incurred . . . to pay" qualified higher education expenses. *See id.* In doing so, the Court of Appeals said that:

> Here, the applications and promissory notes expressly: tie the loans to Conti's student status at Michigan for a given enrollment period; limit the loan amount to 'the full cost of education less and financial aid you are receiving'; limit use of the loan to 'specific educational expenses;' and include an area for Michigan to certify the above information, including that the loan amount in combination with Conti's other financial aid will not exceed Michigan's cost of education.

982 F.3d at 449. Additionally, beyond the loan documents, the court in *Conti* noted that Citibank appears to have disbursed the loans to Michigan directly. Based on these facts, the Sixth Circuit determined that because the loans were incurred "solely to pay qualified higher education expenses," the loans were therefore nondischargeable qualified education loans under § 523(a)(8)(B). *Id.*

Navient asserts and the debtor does not dispute Bowling Green State University's status as an eligible institution. Furthermore, Navient and the debtor do not dispute the debtor's status as an eligible student. The Court also agrees with Navient that the reference to "taxpayer" in § 221(d)(1) of the Tax Code requires no

9

special showing for purposes of § 523(a)(8)(B) of the Bankruptcy Code that the debtor actually paid income taxes or deducted student loan interest. Section 221 of the Tax Code addresses the deductibility for tax purposes of interest on education loans. The definition of "qualified education loan" appears in the "definitions" subdivision of § 221—26 U.S.C. § 221(d). And just as the Sixth Circuit in *Conti* rejected the debtor's argument that she never filed the necessary IRS forms for the interest on her education loans to be deductible as qualified education loans under § 221(d), this Court holds that the Bankruptcy Code's use of a definition from the Tax Code adds no taxpayer-related element for whether a debt is a "qualified education loan" under 11 U.S.C. § 523(a)(8)(B). See *Conti*, 982 F.3d at 450 ("Conti reasons that because subsection (8)(B) defines qualified education loans by cross-reference to the tax code, bankruptcy courts should adopt the same express certification requirement that the IRS established for claiming interest deductions on private student loans. This argument is not persuasive.").

Therefore, the only issue which is determinative as to whether the loans fall under § 523(a)(8)(B) is the debtor's initial purpose in applying for student loans from Navient.

The facts of this case are remarkably similar to those that the Sixth Circuit recently examined in *Conti*. The debtor's loan applications and promissory notes

10

were processed by Navient's Signature Student Loan Program.  Similar to the loan documents examined in *Conti*, the loan documents in this case contain a section which expressly states: "I also certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School." The loan documents also require a representative from Bowling Green State University to certify that the debtor's "Total Certified Amount does not exceed the student's cost of attendance minus other financial aid" as well as the debtor's eligibility for a student loan.  Finally, funds were disbursed directly to the Bowling Green State University Financial Aid Office.  These undisputed facts when examined in the same way as *Conti* establish that the debtor's initial purpose when applying for these loans was "solely to pay qualified higher education expenses."  Therefore, the loans in question are qualified educational loans within the meaning of § 523(a)(8)(B) and are nondischargeable, absent a determination that "excepting such debt from discharge under [§ 523(a)(8)] would impose an undue hardship on the debtor and the debtor's dependents."  11 U.S.C. § 523(a)(8).

## CONCLUSION

For the reasons stated above, the Court grants Navient's motion for partial summary judgment and denies the debtor's partial motion for summary judgment.

11

The debtor's second claim for relief—*i.e.*, whether the debts impose an undue hardship—will be the subject of a trial scheduled for March 10, 2021.

The Court does not intend this opinion and related order to be a final appealable order within the meaning of 28 U.S.C. § 158(a)(1). *See* Fed. R. Civ. P 54(b) (made applicable in bankruptcy proceedings under Fed. R. Bankr. P. 7054(a)); *see also Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. at 589–90.

IT IS SO ORDERED.

12